UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LOURDES PAZ**<br>1452 Fm 812<br>Cedar Creek, TX 78612<br><br>~and~<br><br>**OLGA PEREZ PAZ**,<br>El Calan Villanueva Cortes<br>Honduras<br><br>          Plaintiffs,<br><br>*v.*<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (a/k/a) WMATA**,<br>600 Fifth Street NW<br>Washington, DC 20001<br><br>Serve:  Patricia Lee, Esquire<br>            General Counsel's Office<br>            WMATA<br>            600 Fifth Street NW<br>            Washington, DC 20001<br><br>          Defendants. | Case No.: |

## COMPLAINT

***COME NOW,*** Plaintiffs, by and through the undersigned counsel, and file this complaint, for personal injury against Defendant. and for this cause of action states:

### JURISDICTION AND VENUE

1.      Jurisdiction in the Court is founded on the Washington Metropolitan Area Transit Regional Compact ("WMATRC"), which establishes original jurisdiction in this Court over WMATA matters pursuant to WMATRC Article XVI § 81, codified in District of Columbia law as D.C. Code Ann. § 9-1107.10.

2. Venue in this court is proper as the negligent acts and/or omissions committed by Defendant occurred in the District of Columbia, and the injuries of the Plaintiff originated in the District of Columbia.

## PARTIES

3. At all times relevant, Plaintiff Lourdes Paz was a resident of Cedar Creek, Texas.

4. At all times relevant, Plaintiff Olga Perez Paz was a resident of Honduras.

5. As the tort claims herein apply exclusively to WMATA, and do not implicate the District of Columbia local government, or any other WMATA Compact signatories, the statutory notice requirements prescribed by D.C. Code § 12-309, for claims filed against the District of Columbia, are not applicable in this case.

6. At all times relevant herein, Defendant WMATA was the owner of the metro subway system being operated by its employees, who were acting within the course and scope of their employment and/or agency with WMATA.

7. Defendant Washinton Metropolitan Transit Authority Compact ("WMATA Compact"), D.C. Code § 9-1107.01 *et seq.*, was signed by the District of Columbia, the State of Maryland, and the Commonwealth of Virginia.

## BACKGROUND

8. On or about March 25, 2024, Plaintiffs were ascending electric escalator number two to exit the Smithsonian Metro Station.

9. While ascending, due to a malfunction, the electric escalator came to a sudden and abrupt stop causing the Plaintiffs and one additional party to fall backward down the escalator.

10. Ms. Perez Paz sustained multiple serious injuries to her head, cervical spine, thoracic spine, lumbar spine, left hip, right groin, left knee, right knee, and left ankle.

11.     Ms. Paz sustained multiple serious injuries to her cervical spine, lumbar spine, right shoulder, left hip, left knee, and left ankle.

12.     All of the above-described injuries were directly and proximately caused by the conduct, or the lack thereof, of Defendant WMATA as alleged in this Complaint.

13.     At or around 17:25, Metro Polic Officer Thomas S. Chaisone came into contact with Plaintiffs who recounted the incident.

14.     D.C. Emergency Medical Services arrived on the scene and began to treat Ms. Perez Paz.

15.     Ms. Perez Paz initially refused transportation to the hospital, but later changed her mind, and both Plaintiffs were transported to George Washington University Hospital.

16.     At the time of Plaintiffs' injuries, there was no signage notifying patrons that there was an issue with the escalator.

17.     Shortly after Plaintiffs were injured, Defendant WMATA attempted to repair and/or put signage up to notify other patrons.

18.     Escalator number two was taken out of service and Elevator/Escalator Department (ELES) was notified of the incident.

19.     It was only after the Plaintiffs' injuries that Defendant WMATA attempted to repair the hazardous condition and/or place signage to notify unsuspecting pedestrians of the hazard.

20.     Both Plaintiffs suffered severe and permanent injuries.

## COUNT I
### (Negligence)

21.     Each of the preceding paragraphs is incorporated herein by reference.

22.     Defendants, through their agents, servants and employees, real or ostensible had duty of care to maintain their premises in a manner reasonably safe to the public, and to warn people in the building to the existence of any unsafe conditions.

23. Defendants, through their agents, servants and employees, real or ostensible were negligent including, but not limited to the following:

   a. Failing to exercise ordinary care under the circumstances to keep the area reasonably safe and to avoid injury to persons lawfully upon the property, such as Plaintiffs;

   b. Failing to perform reasonable and necessary safety precautions to ensure the area around the elevator was a stable and safe environment for Plaintiffs and others upon the property;

   c. Failing to supervise and maintain the premises in a safe condition to ensure that the area around the elevator was free from hazards and would not cause harm to Plaintiffs and others;

   d. Failing to properly train its agents, servants, and/or employees in the proper safety methods and/or procedures;

   e. Failing to assure the area around the escalator was properly and safely cleared, choosing instead to cause an unsafe environment for people using the elevator on the second floor;

   f. Failing to maintain control over its premises to as to assure a safe event; and,

   g. Being otherwise negligent;

24. Plaintiff also relies on *res ipsa loquitur* and *respondeat superior*.

25. As a direct and proximate result of the aforesaid negligence of the Defendant to ensure the safety of the entrance/exit to the escalator, Plaintiffs sustained serious and disabling damage to their bodies, including but not limited to those conditions stated *supra*; they have in the past and will in the future incur medical, healthcare, and other expenses, including but not limited to continued physical therapy and doctors' visits, as well as continue to endure pain and suffering, emotional distress, embarrassment, and disfigurement, all of which is still ongoing.

## COUNT II
### (Negligent Failure to Warn)

26. Plaintiffs incorporates, by reference, all prior paragraphs, as if the same were repeated herein.

27. Plaintiffs further allege at all times relevant herein, Defendant WMATA had a duty to warn passengers of dangerous conditions that it knew or should have known existed.

28. Defendant WMATA negligently breached its duty by, inter alia, failing to warn passengers of the dangerous and unsafe condition of its Smithsonian Metrorail Station Escalator #2, and placing unknowing riders in imminent danger of injury and/or death.

29. Defendant WMATA negligently breached its duty by, inter alia, failing to warn passengers of the dangerous and unsafe condition presented by an escalator without a properly maintained and functioning escalator rider safety system and placing unknowing passengers in imminent danger of injury and/or death.

30. Instead, Defendant WMATA negligently, carelessly, and recklessly represented its escalator system as safe.

31. As a direct and proximate result of the negligence of WMATA in failing to warn its riders of the dangers of its escalator system, Plaintiffs unknowingly chose to ride on an escalator in disrepair, and therefore Plaintiffs were riders on an escalator that abruptly stopped at the Smithsonian Metrorail Station, causing serious injury to Plaintiffs'

**WHEREFORE**, Plaintiffs Lourdes Paz and Olga Perez Paz demand judgment against Defendant in an amount to be determined at trial but believed to be in excess of one hundred thousand dollars ($100,000.00) in damages, plus costs of this suit, and such other and further relief as this Court deems just and proper.

Dated: September 2, 2025

Respectfully submitted,

NACE LAW GROUP

*Christopher T. Nace*
Christopher T. Nace, Esq.
Bar No. 977865
1025 Thomas Jefferson St., NW
Suite 810
Washington, DC 20007
202-463-1999 (Tel.)
ctnace@nacelawgroup.com
*Counsel for Plaintiffs*

### Jury Demand

Plaintiff, by and through the undersigned counsel and pursuant to Rule 38 of the District of Columbia Rules of Civil Procedure, hereby demands trial by jury of all issues in this matter.

*Christopher T. Nace*
Christopher T. Nace, Esq.

6